WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Wayne Craig, | No. CV-14-00183-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Worldwide Mixed Martial Arts Sports Incorporated, et al., | |
| Defendants. | |

Defendants have moved to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(2)-(5) and on the ground of forum non conveniens. Doc. 6. Defendants have also moved to transfer the case to the District of New Jersey pursuant to 28 U.S.C. § 1404(a). *Id.*; Doc. 3. The motion is fully briefed. The Court will grant in part and deny in part Defendants' motion.[1]

**I.   Background.**

Defendants Worldwide Mixed Martial Arts Sports ("WMMA"), Worldwide MMA USA, Inc. ("WUSA"), WMMA Holdings, Inc. ("WMMAH"), and various corporate officers are in the business of organizing and operating mixed martial arts events, fights, and promotions. Doc. 1-1, ¶ 15. Plaintiff's complaint alleges that he invested $250,000 with Defendants after learning about their business from a document entitled Confidential

---

[1] The requests for oral argument are denied because the issues have been fully briefed and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

1  Private Placement Memorandum ("CPPM").  The parties' relationship is memorialized in
2  a Regional Promoter Agreement ("RPA").  *Id*., ¶¶ 16-17.  The CPPM and RPA allegedly
3  contain material representations of fact that are not true.  Doc. 1-1, ¶ 20.  Instead of
4  actually organizing a network of promoters that would stage mixed martial arts
5  competitions, Defendants allegedly used investment proceeds acquired from Plaintiff to
6  pay pre-existing liabilities.  *Id*., ¶ 23.

7        The RPA contains a forum-selection clause that provides: "Disputes, between the
8  Parties that cannot be settled after a 30-day Cure Period will be resolved in a non-jury
9  trial in the federal district court in the state where WUSA's current headquarters resides."
10 Doc. 6-1 at 14, ¶ 20.  Plaintiff filed a complaint in Maricopa County Superior Court on
11 August 30, 2013, asserting a claim for fraud in connection with the offer and sale of
12 securities in violation of A.R.S. § 44-1991 and a claim for rescission.  Doc. 1-1 at 2, 12,
13 14.  The case was removed to federal court on January 30, 2014.  Doc. 1.  Defendants
14 filed their motion to dismiss on February 26, 2014.  Doc. 6.  Defendants assert lack of
15 personal jurisdiction, improper venue, insufficient process, and insufficient service of
16 process.  *Id*. at 2.  They also assert that the case should be transferred pursuant to the
17 forum-selection clause.  Doc. 3.  Because the Court finds that the forum-selection clause
18 should be enforced, it will not address Defendants' other arguments.

19 **II.**    **Legal Standard.**

20     **A.**    **Enforcement of Forum-Selection Clauses.**

21       Federal law governs the enforceability and interpretation of forum-selection
22 clauses.  *See Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 513 (9th
23 Cir. 1988).  Such clauses are presumptively valid, *see Doe 1 v. AOL LLC*, 552 F.3d 1077,
24 1083 (9th Cir. 2009) (citation omitted), and should not be set aside unless the party
25 challenging enforcement of the provision can show that enforcement would be
26 unreasonable, *see Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 325 (9th Cir. 1996).
27 There are three circumstances where enforcement may be unreasonable: "(1) if the
28 inclusion of the clause in the agreement was the product of fraud or overreaching; (2) if

the party wishing to repudiate the clause would effectively be deprived of his day in court were the clause enforced; and (3) if enforcement would contravene a strong public policy of the forum in which suit is brought." *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1140 (9th Cir. 2004) (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 12-13, 15, 18 (1972)). The party challenging the clause has a heavy burden of proof. *Id*.

### B. Motion to Transfer Pursuant to 28 U.S.C. § 1404(a).

A forum-selection clause may be enforced by a motion to transfer under 28 U.S.C. § 1404(a). *Atlantic Marine Constr. Corp. v. U.S. Dist. Court for W. Dist. of Tex.*, 134 S. Ct. 568, 575 (2013). If a defendant files such a motion, "a district court should transfer the case unless extraordinary circumstances unrelated to the convenience of the parties clearly disfavor a transfer." *Id*.

District courts may decide motions to transfer according to individualized, case-by-case considerations of convenience and fairness. *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964); *Ventress v. Japan Airlines*, 486 F.3d 1111, 1118 (9th Cir. 2007) (noting that the decision to change venue is left to the discretion of the district court). In the typical case not involving a forum-selection clause, "a district court considering a § 1404(a) motion must evaluate both the convenience of the parties and various public interest considerations." *Atlantic Marine*, 134 S. Ct. at 581. In such circumstances, "the district court would weigh the relevant factors and decide whether, on balance, a transfer would serve 'the convenience of the parties and witnesses' and otherwise promote 'the interest of justice.'" *See id*. (citing § 1404(a)).

"The calculus changes, however, when the parties' contract contains a valid forum-selection clause, which represents the parties' agreement as to the most proper forum." *Id*. (internal quotation marks and citation omitted). The presence of a valid forum-selection clause requires the district court to adjust its usual § 1404(a) analysis in three ways. First, the plaintiff's choice of forum merits no weight and the party defying the forum-selection clause bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted. *Id*. Second, a court evaluating a defendant's

§ 1404(a) motion to transfer based on a forum-selection clause should not consider arguments about the parties' private interests. "When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation." *Id*. at 582. A court must deem the private-interest factors to weigh entirely in favor of the preselected forum and may consider arguments about public interest factors only. *Id*. "[T]hose factors will rarely defeat a transfer motion," and a "forum-selection clause[] should control except in unusual cases." *Id*. Third, a § 1404(a) transfer will not carry with it the original venue's choice-of-law rules. *Id*.

### III. Analysis.

Defendants' principal argument is that the forum-selection clause should be enforced as to all claims and all parties and that the case should be dismissed pursuant to Rule 12(b)(2) and 12(b)(3). Doc. 6 at 9. But a forum-selection clause cannot be enforced by moving to dismiss under Rule 12(b); it must be enforced by moving to transfer under § 1404(a). *Atlantic Marine*, 134 S. Ct. at 575. Elsewhere in their briefing, Defendants urge the Court to enforce the forum-selection clause by transferring the case to the District of New Jersey. Doc. 3 at 1-2; Doc. 6 at 7; Doc. 20 at 2. Plaintiff has responded to this request in its reply.[2]

### A.   Stay of Litigation as to WMMA.

Plaintiff has produced an official form indicating that an involuntary bankruptcy petition has been filed against WMMA. Doc. 18-1 at 7. Defendants do not challenge the authenticity of the form. The case is therefore stayed as to WMMA and this order will have no effect on the claims against WMMA. 11 U.S.C. § 362(a).

---

[2] Forum-selection clauses are applicable to non-parties who are closely related to the contract relationship. *See Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 456 (9th Cir. 2007) (citing *Manetti-Farrow*, 858 F.2d at 514 n.5). Here, each Defendant is being sued in connection with its relationship to the RPA and the allegedly deficient performance by WMMA and WUSA. Plaintiff does not argue that the forum selection clause is inapplicable to some of Defendants.

- 4 -

### B.     Enforcement of the Forum-Selection Clause.

Plaintiff does not argue that the forum-selection clause was the product of fraud or that enforcement of the clause contravenes a strong public policy in Arizona. He argues instead that transfer would effectively deny him his day in court because he would be required to file a new action in New Jersey even though the applicable statute of limitations in New Jersey may have run. Doc. 18 at 10. Plaintiff misunderstands the mechanics of transfer under § 1404(a). It has long been the rule that "[a]n order transferring [a case] to another district does not end but preserves it as against the running of the statute of limitations[.]" *Norwood v. Kirkpatrick*, 349 U.S. 29, 31 (1955). Transfer of the case to New Jersey will not require Plaintiff to file a new action. This case will retain its original filing date for purposes of any statute of limitations. The Court concludes that transfer will not deny Plaintiff his day in court. Because Plaintiff has made no other arguments concerning the enforceability of the forum-selection clause, the Court concludes that the clause is enforceable.

### C.     Motion to Transfer Pursuant to 28 U.S.C. § 1404(a).

Plaintiff does not argue that there are "extraordinary circumstances unrelated to the convenience of the parties" or that any other factors clearly disfavor transferring this case to the District of New Jersey. *Atlantic Marine*, 134 S. Ct. at 568. Rather, Plaintiff argues that the District of Arizona is the forum designated by the forum-selection clause. Doc. 18 at 4. As already noted, the clause provides that all disputes "will be resolved in a non-jury trial in the federal district court in the state where WUSA's current headquarters resides." Doc. 6-1 at 14, ¶ 20. The RPA does not, however, expressly designate the location of WUSA's "current headquarters."

When interpreting forum-selection clauses, the words are given their "common or normal meaning . . . unless circumstances show that in a particular case a special meaning should be attached to it." *Hunt Wesson Foods, Inc. v. Supreme Oil Co.*, 817 F.2d 75, 77 (9th Cir. 1987) (citation omitted). No circumstances suggest a special meaning here. "Headquarters" refers to a place from which something (such as a business) is controlled

1   or directed.  *See Headquarters Definition*, http://www.merriamwebster.com/dictionary/
2   headquarters (last visited Jun. 10, 2014).

3   Plaintiff asserts that "current headquarters" refers to an office located in
4   Scottsdale, Arizona that WUSA maintained in 2011.  Doc. 18 at 4.  Plaintiff has provided
5   a sworn statement asserting that WUSA "maintained headquarters like offices" in
6   Scottsdale, Arizona and that WUSA personnel referred to the Scottsdale location as the
7   "west coast office" of WUSA.  Doc. 18-1, ¶ 7.  Plaintiff asserts that Barry Jarrell,
8   WUSA's President in 2011, maintained an office at the Scottsdale location.  *Id*., ¶ 8.
9   Even if the Scottsdale location was not WUSA's official "current headquarters," Plaintiff
10  cites *Raffles v. Wichelhaus*, 159 Eng. Rep. 375 (2 H. & C. 906) (1864), for the
11  proposition that ambiguous contractual terms should be construed against the drafting
12  party.  Doc. 18 at 6.[3]

13  The evidence presented by the parties persuades the Court that WUSA's
14  headquarters is located in New Jersey and that Plaintiff clearly was on notice of this fact.
15  WUSA's primary employees are residents of New Jersey, and management decisions are
16  made at WUSA's New Jersey office.  Doc. 6-1 at 4.  Defendants have produced articles
17  of incorporation, state filings, and other corporate documents confirming that WUSA is
18  headquartered in New Jersey.  *Id*. at 38-43; Doc. 20 at 27, 53-55.  This fact was clear in
19  the documents Plaintiff reviewed and signed.  The first page of the RPA, which Plaintiff
20  initialed, states that WUSA's address is 150 Clove Road, Little Falls, New Jersey.  *See*
21  Doc. 6-1 at 11.  The same address is contained on the last page of the RPA and in
22  exhibits to the RPA which were also initialed by Plaintiff.  *Id.* at 15, 22.  WMMA leased
23  office space in Scottsdale, but WUSA maintained no office there.  *Id*. at 6-7; 20.

---

[3] In *Raffles*, the parties contracted for the sale of cotton which was to be shipped from Bombay to Liverpool on the ship "Peerless."  Neither party was aware that there were two ships named "Peerless" carrying cotton from Bombay to Liverpool, one arriving in October and the other in December.  The *Raffles* court concluded that there was no meeting of the minds because of the latent ambiguity in the contract.  In this case, Plaintiff attempts to argue that there was no meeting of the minds because he believed "current headquarters" referred to WUSA's Arizona office whereas Defendants apparently believed that the term referred to WUSA's New Jersey office.  For the reasons outlined in the remainder of this order, the Court cannot agree.

1  Moreover, although Plaintiff now asserts in his affidavit that he considered the
2  Scottsdale office to be the headquarters of WMMA and its affiliates (Doc. 18-1 at 4), his
3  complaint in this case contradicts that assertion. The verified complaint, which Plaintiff
4  swore to be true when this action was commenced, asserted that the WUSA headquarters
5  was in Florida, not Arizona. Doc. 1-1, ¶ 3.

6  Employing any reasonable interpretation of the term "current headquarters," the
7  Court concludes that WUSA is headquartered in New Jersey and that Plaintiff was on
8  notice of that fact when he signed the RPA. The Court will enforce the forum-selection
9  clause and transfer this case to the District of New Jersey.

10  **IT IS ORDERED**:

11  1. Defendants' motion to dismiss/transfer (Doc. 6) is **granted** as set forth
12     above.

13  2. The Clerk is directed to transfer this case to the United States District Court
14     for the District of New Jersey, with the exception of claims pending against
15     WMMA. Because the claims against WMMA will remain in this Court, the
16     Clerk shall not terminate this action as to WMMA.

17  3. The parties shall, within 20 days of this order, file a joint report concerning
18     the status of the WMMA bankruptcy. The report shall address whether the
19     claims asserted in this case against WMMA can be asserted and resolved in
20     the bankruptcy court, permitting dismissal of the remaining claims in this
21     case.

22  Dated this 8th day of July, 2014.

David G. Campbell
United States District Judge